1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10
ALBERT LEVELL RILEY,                    )    CV F 05 0350 REC LJO HC
11                                       )
                        Petitioner,      )    ORDER REGARDING PETITIONER'S
12                                       )    RESPONSE TO ORDER TO SHOW CAUSE
         v.                              )    AND PETITIONER'S REQUEST FOR
13                                       )    FINDINGS AND CONCLUSIONS
                                         )    [Docs. #13,14]
14   A. K. SCRIBNER,                     )
                                         )    ORDER GRANTING STAY AND
15                      Respondent.      )    ABEYANCE
                                         )
16   _____

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19          On March 15, 2005, Petitioner filed the instant petition for writ of habeas corpus in this

20   Court.  Petitioner raises fifteen grounds for relief, of which eight are unexhausted.

21          On March 17, 2005, the Court issued a Findings and Recommendation which recommended

22   the petition be dismissed.  Petitioner was granted thirty (30) days to file objections or to move to

23   withdraw the unexhausted claims and proceed with only the exhausted claims.

24          On March 28, 2005, Petitioner filed a motion requesting that the unexhausted claims be

25   withdrawn and further requesting the petition be stayed pending exhaustion of the eight claims in

26   state court.

27          On April 8, 2005, the Court vacated the Findings and Recommendation of March 17, 2005,

28   dismissed Petitioner's motion to withdraw claims with leave to renew, and ordered Petitioner to

U.S. District Court
E. D. California      cd                      1

1  show cause why he didn't exhaust his state remedies with respect to the eight unexhausted claims

2  contained in the petition.

3      On April 11, 2005, Petitioner filed a request for clarification of the Court's orders. On April

4  28, 2005, Petitioner filed a response to the Order to Show Cause and a request for findings and

5  conclusions on the applicability of tolling pursuant to 28 U.S.C. § 2244(d) on the unexhausted

6  claims.

7                                  **DISCUSSION**

8  I. Request for Findings and Dismissal

9      In his request for findings and conclusions, Petitioner asks that his petition be dismissed

10  should the Court find Petitioner to be entitled to statutory tolling under § 2244(d) pending his second

11  round of collateral review in the state courts. Unfortunately, the Court cannot determine whether

12  Petitioner is entitled to statutory tolling. Pursuant to § 2244(d)(2), the limitations period is tolled

13  while "a properly filed application for State post-conviction or other collateral review with respect to

14  the pertinent judgment or claim is pending." However, in a recent case, the Supreme Court held that

15  a state post-conviction petition rejected by the state court as untimely is not "properly filed" within

16  the meaning of § 2244(d)(2), and therefore, a petitioner would not be entitled to statutory tolling for

17  the time the untimely petition is pending. Pace v. DiGuglielmo, 2005 WL 957194, *2 (April 27,

18  2005). Therefore, in the instant case, the Court cannot determine whether Petitioner would be

19  entitled to statutory tolling pending his second round of review. Ordinarily, Petitioner would be

20  entitled to tolling, but if the California courts find his petition to be untimely, he would not be

21  entitled to tolling. In addition, the claims would be procedurally defaulted.

22      Because Petitioner conditions his well-intentioned request for voluntary dismissal of the

23  action on the Court finding him eligible for tolling, and since Petitioner would be prejudiced should

24  his petition be dismissed and statutory tolling be found inapplicable, the Court will dismiss his

25  request without prejudice.

26  II. Stay of Petition

27      Petitioner has requested a stay of the proceedings to avoid the possible prejudice a dismissal

28  of the action might cause. As previously discussed, the Supreme Court recently held in Rhines v.

U.S. District Court
E. D. California      cd                          2

1    Weber, 2005 WL 711587 (2005), that a district court has discretion to stay a mixed petition to allow

2    a petitioner to present his unexhausted claims to the state court in the first instance and then to return

3    to federal court for review of his perfected petition.

4         Nevertheless, stay and abeyance is available only in limited circumstances, because the

5    procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the

6    resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas

7    proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to

8    filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate

9    when the district court determines there was good cause for the petitioner's failure to exhaust his

10   claims first in state court." Id. Nevertheless, the Supreme Court did not prescribe the test to

11   determine "good cause."

12        In his response to the Order to Show Cause, Petitioner submits several arguments explaining

13   why he did not bring the unexhausted claims in his direct appeal and first round of collateral review.

14   Petitioner first argues that he has no knowledge of the law and he has had no opportunity to directly

15   access the law library.  However, ignorance of the law is no excuse.  The majority of inmates are

16   posed with this same hurdle. On the other hand, being unable to access the law library may suffice as

17   good cause. If a petitioner is unable to properly research his case, his failure to bring all of his claims

18   at once to the state courts may be justified. The Court will not inquire further into the extent to which

19   Petitioner was deprived of the use of the law library because other arguments demonstrate good

20   cause.

21        Petitioner argues that he relied on an incompetent "jailhouse lawyer" for his first round of

22   collateral relief. Petitioner states that it was not until his current competent inmate assistant reviewed

23   his case that he became aware of the unexhausted claims.  Although unfortunate, the fact that

24   Petitioner relied on incompetent inmate assistance does not in and of itself demonstrate good cause.

25   There is no constitutional guarantee to a competent "jailhouse lawyer." Moreover, the point when

26   Petitioner actually discovers his claims is not significant; what is relevant is the point when

27

28

---

[1]AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1   Petitioner was able to discover the relevant facts. If Petitioner could have discovered the relevant

2   facts at the time of the first round of review, this factor would weigh against good cause.

3        In this case, it is Petitioner's diligence which merits good cause. Following the conclusion of

4   direct review, Petitioner immediately filed a petition for writ of habeas corpus in the Fresno County

5   Superior Court. Petitioner states he then had difficulties in this first round of review because he was

6   moved to another location but his legal materials remained with his inmate assistant. Through his

7   aunt who has since passed away, he then attempted to procure these documents from the other

8   inmate. Petitioner notes that this process took some time. Nevertheless, he still filed a habeas petition

9   in the California Supreme Court within six months of the decision by the Superior Court. Four

10  months following the denial by the California Supreme Court, Petitioner filed his second habeas

11  petition in the Supreme Court.  This petition contained the instant unexhausted claims.  Petitioner,

12  cognizant of the statute of limitations and uncertain of its date of expiration, filed the instant petition

13  during the pendency of his state habeas petition in an abundance of caution to protect his rights.

14  Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, Petitioner properly advised this

15  Court of the claims he seeks to raise by including them in his original petition. In addition, he filed

16  his federal petition well within the limitations period. Accordingly, the Court finds good cause to

17  grant a stay of the proceedings.

18        However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d

19  at 988 n.11.  Petitioner must inform the Court no later than thirty (30) days after the date of service

20  of this order of the status of his habeas petition in the California Supreme Court.[2]  Further, Petitioner

21  must file a new status report every thirty (30) days thereafter as to the status of the state court

22  proceedings.  Following final action by the state courts, Petitioner will be allowed thirty (30) days to

23  file a motion for leave to amend the petition to include the newly exhausted claims.  Failure to

24  comply with these instructions and time allowances will result in this Court vacating the stay *nunc*

25  *pro tunc* to the date of this order.  Kelly, 315 F.3d at 1071.

26  ///

27

28        [2]The filing should be titled: "Status Report."

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.   Petitioner's request for dismissal of the action is DISMISSED without prejudice;

2.   Petitioner's motion to stay the petition and hold it in abeyance is GRANTED;

3.   The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

4.   Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order;

5.   Petitioner is DIRECTED to file a new status report every thirty (30) days after filing his initial status report; and

6.   Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to advise this Court of the finality of the state proceedings.

IT IS SO ORDERED.

**Dated:     May 16, 2005**                          **/s/ Lawrence J. O'Neill**
b9ed48                                               UNITED STATES MAGISTRATE JUDGE